NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0029n.06

No. 18-5204

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 18, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| JAMES RICHARD SMITH, | ) | |
| | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

BEFORE:    GIBBONS, ROGERS, and STRANCH, Circuit Judges

ROGERS, Circuit Judge.   James Smith pleaded guilty to possession of child pornography and was sentenced to a term of imprisonment about half the middle of the range prescribed by the sentencing guidelines.  The district court entered that reduced sentence after agreeing with Smith that many of the offense-specific enhancements apply in virtually every child-pornography case and thus are of limited use in fashioning a just sentence.  Yet Smith now argues that the court committed procedural error by not adequately explaining why his sentence was not even shorter. Because Smith failed to object on that ground at sentencing, we review that claim of procedural unreasonableness for plain error and find none.  Smith argues also that his substantially-below-guidelines sentence is substantively unreasonable.  This argument also lacks merit.

In September 2015, a Homeland Security Investigations agent began investigating a computer user suspected of exchanging child pornography using peer-to-peer sharing software. The agent eventually confirmed those suspicions and identified Smith's residence in Manchester,

Tennessee as the physical location of the computer being used. In May 2016, law enforcement officers executed a search warrant at Smith's home, where they found him using his computer. Smith told the police that he had been downloading child pornography for the past year, not for sexual pleasure but to turn the images over to the police. A review of Smith's computer determined that he had used peer-to-peer software to download nearly 7,500 images and almost 950 videos of child pornography, involving 120 identifiable victims. Many of those images and videos depicted children less than twelve years old being abused in sadistic or masochistic ways.

Smith was later indicted and in October 2017 pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). That conviction carries a maximum term of ten years in prison. § 2252(b)(2). Considering Smith's criminal history, eventual acceptance of responsibility, and four child-pornography-specific sentencing enhancements, the district court calculated Smith's advisory guidelines range as 78–97 months' imprisonment. Smith conceded that those guidelines calculations were correct but requested a downward variance to a sentence of home confinement. Among other reasons, Smith argued that the four offense-specific enhancements apply in the mine run of child-pornography cases and thus do not accurately reflect greater culpability on Smith's part. Those enhancements are as follows:

- Two-level enhancement because the material involved a prepubescent minor or a minor who had not attained the age of twelve years old, U.S.S.G. § 2G2.2(b)(2);

- Four-level enhancement because the material portrayed sadistic or masochistic conduct, § 2G2.2(b)(4);

- Two-level enhancement because the offense involved the use of a computer, § 2G2.2(b)(6); and

- Five-level enhancement because the offense involved 600 or more images, § 2G2.2(b)(7)(D).

At sentencing, the district court heard argument from both sides on the appropriateness of the four enhancements. Smith, through counsel, reiterated the arguments made in his motion for

2

a downward variance—namely, that the Sentencing Commission's own reports confirm that the enhancements are applied almost uniformly and therefore tend to skew everyone's guideline range upward rather than reflect individualized culpability as intended. Smith argued that, given this purported over-enhancement, most courts were issuing lower sentences in possession-only cases, and that a within-guidelines sentence would actually create a sentencing disparity vis-à-vis similarly situated defendants. The Government pushed back, arguing that the guidelines range was appropriate in this case, and that the severity of the enhancements reflects the seriousness with which Congress and the American people take child-pornography offenses. The Government also countered that this is not an average case, noting in particular that the number of images possessed—70,575 after converting the videos to images—is one hundred times the upper limit of the five-level enhancement. According to the Government, the best way to avoid a sentencing disparity was to sentence Smith within the applicable range.

Based on these arguments, the district court expressed that it too found the enhancements less useful in characterizing the seriousness of the offense considering that they apply in almost every child pornography case. Looking to the numbers issued by the Sentencing Commission, the court noted that ninety-five percent of cases in 2016 triggered enhancements for use of a computer and images depicting children under twelve years old; eighty-four percent involved sadistic or masochistic conduct; and roughly seventy-five percent involved over 600 images. The court, therefore, concluded that somewhere between six and seven of the thirteen enhancement points are overused as applied to this case and took that into consideration in determining a just sentence. Turning to the 18 U.S.C. § 3553(a) factors, the court found that the volume of images, the use of peer-to-peer software, and the length of involvement were more troubling than the facts of other cases, but that in general Smith's criminal history, health concerns, ongoing employment, and

compliance with pre-sentence release conditions were all favorable. Although the court did not find Smith any more likely than usual to reoffend, it did acknowledge that Smith was more likely to reoffend at home than while incarcerated. Based on this rationale, the court sentenced Smith to forty-five months' imprisonment.

On appeal, Smith argues that his below-guidelines sentence is procedurally unreasonable. We typically review such claims for an abuse of discretion. But here, Smith forfeited this claim by failing to object on this basis at sentencing, so we review the procedural reasonableness of Smith's sentence only for plain error. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). Smith argues that plain-error review is inappropriate because the district court did not, after handing down the sentence, ask what is known as the *Bostic* question: "whether [the parties] have any objections to the sentence just pronounced that have not previously been raised." *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Smith is right that objections are not forfeited when the district court fails to provide the parties this opportunity to object, but wrong that the court did not do so here. Immediately after imposing Smith's sentence, the district court asked whether there were "any further objections that haven't already been raised?" Smith's counsel responded, "No, your Honor."

Smith argues that the court's question did not satisfy *Bostic*, because it did not specify whether there were any further unraised objections *to the sentence*. But that much was obvious—the parties were only there for sentencing, and the court had just finished imposing the sentence when it asked for further objections. Indeed, the Government had no trouble understanding the court; it took the court's invitation to object to the procedural and substantive reasonableness of the sentence. After hearing the Government's objections to the sentence, Smith cannot now resuscitate his forfeited claim by arguing that the district court did not give him an opportunity to

object, as required by *Bostic*. This case is, therefore, distinguishable from others where merely asking if there was anything further for the record did not satisfy *Bostic*. *See, e.g.*, *United States v. Comacho-Arellano*, 614 F.3d 244, 246–47 (6th Cir. 2010). Under plain-error review, Smith must show, among other things, an error so "obvious or clear" that the district court was "derelict in countenancing it." *See Vonner*, 516 F.3d at 386. An error like that occurs only in "exceptional circumstances," *id.*, which do not exist here.

Smith argues first that his sentence is procedurally unreasonable because the district court failed to adequately explain exactly by how much it discounted each of the four enhancements in imposing the below-guidelines sentence. Based on Smith's policy arguments that the four offense-specific enhancements (totaling thirteen points) were present in virtually every case, the district court found that "somewhere between six and seven of [those thirteen] points" were "overused" as applied to Smith. Thus, in order to avoid sentencing disparity, the court stated that it would "consider that [overuse] in determining the correct, just sentence." The court did just that—it discounted the effect of those enhancements by issuing a sentence half that of the middle of the guidelines range. Yet Smith now argues that the court erred by not explaining how the court calculated that six- or seven-point decrease—in other words, whether the court discounted each of the four enhancements in part, a few of them entirely, or some combination thereof.

The district court did not plainly err by explaining its sentencing decision without resort to a needless and arbitrary point-by-point analysis of the enhancements it discounted in Smith's favor. To satisfy procedural reasonableness, a "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Here, the sentencing

court laid out its rationale over the course of five transcript pages, with reference to the § 3553(a) factors relevant to fashioning a just sentence. Though the court agreed that some of the enhancements were overused, the court also explained that some of the characteristics of this offense were worse than normal—including the number of images at issue and Smith's use of peer-to-peer software that facilitated the further sharing of images. In doing so, the district court justified its discounting of some but not all of the enhancements while "appropriately fram[ing] its final determination in line with § 3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the sentencing goals advanced in § 3553(a)(2)." *See Kimbrough v. United States*, 552 U.S. 85, 111 (2007). The district court was not required to further explain its rationale with point-by-point reference to the discounted enhancements. Much less was that omission an error so "obvious or clear" that it amounted to plain error. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 587–90 (6th Cir. 2009).

Nor did the court plainly err in concluding that Smith was more likely to reoffend at home than in prison, and thus rejecting Smith's request for home confinement. Smith tries to twist this commonsense recognition into an unsupported factual finding (or assumption) that imprisonment reduces recidivism more effectively than home confinement does. But the district court made no such finding. It acknowledged only that Smith was less likely to obtain child pornography while incarcerated than while at home. Smith cannot seriously challenge that premise. Thus, this case is far removed from the cases Smith relies on, where a district court improperly assumed facts about empirical recidivism rates or the effectiveness of rehabilitation efforts. *See, e.g.*, *United States v. Adams*, 873 F.3d 512, 519 (6th Cir. 2017); *United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010). In any event, the court rejected home confinement for other legitimate reasons as well,

including the seriousness of the crime. Smith has not shown anywhere near the "exceptional circumstances," *see Herrera-Zuniga*, 571 F.3d at 589, needed to show plain error.

Finally, Smith repackages these same two arguments—that the court failed to explain its precise discounting of the enhancements and unreasonably speculated about Smith's tendency to reoffend—as an attack on the *substantive* reasonableness of his sentence. The line between the substantive and procedural inquiries can be "blurry," but at bottom, substantive unreasonableness "focuses on the length and type of the sentence." *See Camacho-Arellano*, 614 F.3d at 247. In essence, then, Smith's substantive challenge is that these purported errors by the district court resulted in a sentence that is unjustly harsh. "Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013). For much the same reasons as discussed above, that burden has not been met.

Smith relies in large part on reports and statements by the Sentencing Commission suggesting that the four enhancements may produce disproportionally harsh sentences in the average case. But the district court concluded that this was, in some ways, worse than the average case and yet still discounted the enhancements. Smith has made no showing that a sentence half as long as the middle of the guidelines range is somehow substantively unreasonable for a worse-than-average case. Nor did the court improperly speculate by merely noting that it would be more difficult for Smith to reoffend while incarcerated than while at home. The district court did not abuse its discretion in imposing the sentence that it did.

We therefore affirm the judgment of the district court.